HENRY R. HINCKLEY
D/B/A HENRY R. HINCKLEY & COMPANY
*vs.*
ERNEST H. JOHNSON, STATE TAX ASSESSOR

Hancock.   Opinion, January 31, 1958

*Hutchinson, Pierce, Atwood & Allen,* for plaintiff.

*Ralph W. Farris,* for defendant.

SITTING: WILLIAMSON, C. J., WEBBER, BELIVEAU, TAPLEY, SULLIVAN, DUBORD, JJ.

WEBBER, J.   This appeal from the assessment of a sales tax is reported to the Law Court on an agreed statement of fact. Hinckley is in the business of building and selling boats and accessories. On August 25, 1954 he entered into a written contract with one Haskell for the construction of a 73 foot yawl. As the express provisions of the contract seem determinative of the issues here presented, we quote it in full:

## "HENRY R. HINCKLEY & COMPANY
### Southwest Harbor, Maine

AGREEMENT between Harry G. Haskell, Jr. hereinafter called 'BUYER' and Henry R. Hinckley of Southwest Harbor, Me. hereinafter called 'BUILDER'.

1. The Builder will provide all the material and perform all the work for the construction of a 73' yawl according to plan number prepared by Sparkman & Stephens and the specifications prepared by Sparkman & Stephens and attached hereto.

2. The Builder agrees that the performance of this contract on his part shall be given its proper place in his line of production prior to Construction Contracts bearing subsequent dates hereto; that the work shall be completed and delivered to the Buyer on or before April 1, 1956, in the water at Southwest Harbor, Maine, completely rigged and equipped pursuant to said specifications in a workman-like manner, provided, however, that the contract of the Builder is subject to delays in the prosecution or completion resulting, directly or indirectly from fire, lightning, earthquakes, storm, strike, walkout, failure to procure materials or labor, orders or restrictions from any governmental authority or from any other cause beyond the control of the Builder, and in the event of such delay or delays, the time herein named for the completion of the work shall be extended for a period equivalent to the time lost by reason thereof.

3. In consideration of this agreement to be performed by the Builder, the Buyer agrees to pay in current funds as hereinafter provided. The actual cost of labor is to be billed at the actual cost plus 87%. Material will be billed at direct cost plus 10% plus the cost of transportation.

4. The Buyer agrees to pay for the labor and material going into the yacht on a monthly schedule.

5. Title to said yacht shall be and remain at all times in the Buyer, subject, however, to any lien of the Builder for sums due thereon.

6. At all times during the construction of said yacht, until delivery, the Builder shall arrange for insurance coverage, of all kinds, hereinafter stipulated, on said yacht and parts thereof and material intended therefor insofar as owned by the Builder. The expenses of the insurance shall be paid for by the Buyer. The insurance coverage shall provide indemnity against all damage by fire, launching, water or injury of any kind incidental to the construction, launching of said vessel in an amount equal at all times to the cost for the benefit of the Buyer and the Builder as their interests may appear.

IN WITNESS WHEREOF, the parties have set their hands and seals this 25th day of October, 1954.

M. M. Hartman         H. G. Haskell
Witness for Buyer      Buyer

H. Wesley Reed        Henry R. Hinckley
Witness for the Builder   Builder"

At the time of this transaction R. S., 1954, Chap. 17 imposed a sales tax at the rate of 2% on the value of all tangible personal property sold at retail in this state. Sec. 2 of the Act defined "sale" to mean "any transfer, exchange or barter, in any manner or by any means whatsoever, for a consideration in the regular course of business." The Act, after defining the "sale price" provided: "* * * nor shall 'sale price' include the price received for labor or services used in installing or applying or repairing the property sold, if separately charged or stated." The sales tax was paid in full on the materials entering into the construction. The only issue here is whether or not a tax may be legally imposed on the sale of the completed yacht.

The terms of the contract are plain and unambiguous. The builder was to provide the materials and perform the work necessary to the "construction" of a yacht. Labor and materials were to be billed separately and the price was determined for each. The builder was to be paid each month for the labor and materials furnished. Title was to remain in the buyer at all times. In other words, title to the materials by the clear intendment of the contract passed to the buyer as they were appropriated to the job. The builder retained the right to the lien provided by R. S., 1954, Chap. 178, Sec. 13, which is enforceable by attachment. In the case of the builder the retention of the lien is clearly inconsistent with any theory that he retained title. The insurance clause, read in context, recognized the right and title of the buyer and his insurable interest in the partially completed yacht and likewise recognized the interest of the builder in the "materials intended therefor insofar as owned by the Builder."

One has only to read the agreement to discover that here was no contract for the sale of a completed yacht. There was a sale, to be sure, but it was the sale of materials supplied under a contract for construction. The tax on that sale has been paid. The State can claim no more.

The Sales and Use Tax Law provided in part in Sec. 2 thereof: "The term 'retail sale' or 'sale at retail' includes conditional sales, installment lease sales, and any other transfer of tangible personal property when the title is retained as security for the payment of the purchase price and is intended to be transferred later." The appellee contends that this was such a "conditional sale" with title retained by the builder until delivery of the yacht and its acceptance by the buyer. The contract having quite explicitly provided the contrary, we cannot see that the argument is tenable.

It seems unnecessary to discuss in detail any of the authorities cited to us, first because they are not decisive of the

issue presented here, and secondly because none of them dealt with a contract like the one before us. We do, however, find numerous expressions by the several courts which clearly indicate that their construction of the contract before us would not differ from ours. The parties could have, if they had so desired, contracted for the sale of a completed yacht with title retained by the builder until delivery or until final payment. They simply did not do so in this case.

The assessment in final form was as follows:

| "Balance of sales tax claimed due on Haskell yawl | $3,741.49 |
|---|---|
| Interest claimed thereon | 130 95 |
| Miscellaneous items of sales tax | 857 61 |
| Miscellaneous use tax items | 124 97 |
| Interest on miscellaneous items | 34 30 |
| Total | $4,889.32" |

The first two items which total $3872.44 must be disallowed. The other three items are not involved in the issues tendered in this case and are admitted by the appellant to be due. The parties have stipulated the elimination of penalties and costs. The appellee is entitled to judgment for $1016.88 with additional interest as provided by R. S., 1954, Chap. 17, Sec. 15, but without costs.

*Case remanded to the Superior Court for a decree in accordance with this opinion.*